IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| J. LILLY, LLC., an Oregon Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> CLEARSPAN FABRIC STRUCTURES, INTERNATIONAL, INC., a Connecticut Corporation; and STORM CONSTRUCTION LLC, a Michigan Limited Liability Company, <br><br> Defendants. | Civil No.: 3:18-cv-01104-JE <br><br> OPINION AND ORDER |

JELDERKS, Magistrate Judge:

Plaintiff J. Lilly, LLC brings this action against Defendants Clearspan Fabric Structures International, LLC, ("Clearspan") and Storm Construction, LLC. ("Storm"). Plaintiff originally filed its Complaint in May, 2018 in Washington County Circuit Court for the State of Oregon. Defendants removed the action to this court on June 25, 2018, based upon diversity jurisdiction. On July 11, 2018, Clearspan filed a motion to dismiss or, in the alternative, to transfer venue to the U.S. District Court for the District of Connecticut pursuant to 28 U.S.C. §1404(a). In its Reply, Clearspan withdrew its motion to dismiss. Defendant Storm has not formally joined in

OPINION AND ORDER – 1

Clearspan's motion. However, Clearspan has filed the Declarations of Storm's joint owners, Anthonius and Trisha Storm, who state on behalf of Storm that they agree and consent to 1) transferring the case to the U.S. District Court for the District of Connecticut and 2) the court exercising personal jurisdiction over Storm in Connecticut throughout the duration of the case for purposes of this litigation. (Dkt. ## 19, 20).

For the reasons set forth below, Defendants motion to transfer is denied.[1]

## Background

Plaintiff is an Oregon limited liability company with its principal place of business in Gales Creek, Oregon. Plaintiff is an OLCC-licensed cannabis grower. Clearspan is a Connecticut corporation with its principal place of business in South Windsor, Connecticut. Clearspan manufactures and sells commercial greenhouses. The present dispute arises from agreements between Plaintiff and Clearspan for the purchase, construction and installation of a commercial greenhouse that was manufactured by Clearspan. Storm is a Michigan limited liability company with its principal place of business in Coldwater, Michigan. Clearspan subcontracted the installation of the greenhouse to Storm.

The agreement between Plaintiff and Clearspan comprises two contracts. The Construction Agreement includes the specifications for the greenhouse, the construction services to be rendered, the total contract price and payment terms. (Dkt. #1-1 pp. 31-75). Attached to the

---

[1] "[B]ecause a motion to transfer venue [pursuant to 28 U.S.C. § 1404(a)] does not address the merits of the case . . . it is a non-dispositive matter that is within the province of a magistrate judge's authority" under 28 U.S.C. § 636(b)(1)(A). *Corrinet v. Burke*, No. 6:11–cv–06416–TC, 2012 WL 1952658, at *6 (D. Or. Apr. 30, 2012); *Shenker v. Murasky*, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) ("An order issued by a magistrate judge transferring venue under 28 U.S.C. § 1404(a) is non-dispositive."); *Holmes v. TV–3, Inc.*, 141 F.R.D. 697, 697 (W.D. La. 1991) ("[a motion to transfer venue] is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure"); *Cantley v. Radiancy, Inc.*, 2016 WL 4191889, at *6 (E.D. Cal. Aug. 8, 2016)(same); *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013)(same).

Construction Agreement is an itemized Order Confirmation. (Dkt. #1-1, p. 75). The Construction Agreement also includes an Installation Warranty and Manufacturer's Product Warranty. The second contract is titled "Equipment Capital Lease Agreement" ("ECLA"). (Dkt. # 1-1, pp. 14-30). Despite the title of this Contract, the parties agree that the transaction at issue was for the purchase of the greenhouse. The ECLA sets out payment terms for "equipment" as set out in Exhibit 1 to the agreement. Exhibit 1, in turn, refers to the Order Confirmation included in the Construction Agreement. This "equipment" includes but is not limited to, the greenhouse and its installation.

Under the terms of the Construction Agreement, Clearspan agreed to provide construction services to install the greenhouse on property leased by Plaintiff. Under the Construction Agreement Warranty, Clearspan warranted the greenhouse as free from defects in the workmanship for a period of one year from the date of installation.

In addition, both the Construction Agreement and the ECLA contained forum-selection clauses.

Article 9.2 of the Construction Agreement provides:

> Each party designates the Superior Court in the Judicial District of Hartford or the United States District Court for the District of Connecticut as the exclusive courts of proper jurisdiction and venue for the resolution of any dispute arising out of this Agreement or its breach that is not resolved in accordance with Section 9.1 above and hereby irrevocably consent to such designation, jurisdiction, and venue . . . .

(Dkt. #1-1, p. 37).

Similarly, Paragraph 15(n) of the ECLA sets forth that:

> The Lessor and the Lessee hereby designate the Superior Court for the Judicial District of Hartford or the United States District Court for the District of Connecticut, as the exclusive courts of proper jurisdiction and venue of and for any and all lawsuits or other legal proceedings relating to this Agreement; hereby irrevocably consents to such designation, jurisdiction and venue . . . .

(Dkt. #1-1, p. 22).

The subcontract between Clearspan and Storm includes a provision that states that "The Contractor and Subcontractor shall be mutually bound by the Prime contract between Owner and Contractor . . . ." (Ventura Decl. p. 3, ¶11).

Construction of the greenhouse was completed in the last week of August 2016. Plaintiff alleges that significant defects became apparent almost immediately. According to the Complaint, after unsuccessfully attempting to have Clearspan to repair the greenhouse, Plaintiff brought this action. It asserts claims against Clearspan for breach of contract and breach of warranty and a claim against Storm for negligence. Clearspan moves to transfer venue to the U.S. District Court for the District of Connecticut based on the forum selection clauses in the agreements.

## Discussion

Under 28 U.S.C. §1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought[.]"

Courts have wide discretion in determining whether a transfer would further the interests addressed in § 1404(a), *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir.1979), and a defendant must make a strong showing of inconvenience to establish that a plaintiff's choice of forum should be upset. *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986) *superseded by statute on other grounds by* 28 U.S.C. § 1391. A court considering a motion to transfer pursuant to § 1404(a) must consider a number of factors. *E.g., Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000). These include issues such as where relevant agreements were negotiated and executed, which state is most familiar

with the governing law, plaintiff's choice of forum, the respective parties' contacts with the forum and the contacts relating to the plaintiff's cause of action in the forum selected, the differences of costs in litigating in the two forums, the availability of compulsory process to compel attendance of unwilling non-party witnesses, and the ease of access to sources of proof. *Id.* at 498–99. In addition, "the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Id.*

The presence of a valid forum-selection clause alters a court's analysis when considering a motion to transfer under §1404(a). *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63, 134 S. Ct. 568, 581 (2013). Unlike in situations where there is no valid forum-selection clause, the court does not consider the plaintiff's choice of forum or arguments regarding the parties' private interests. *Id.* at 64. Instead, "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted" and "a district court may consider arguments about public-interest factors only." *Id.* at 63-64. As a result, the court "should ordinarily transfer the case to the forum specified in that clause [and] [o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62. Crucially, however, this alternative analysis is triggered by the presence of a <u>valid</u> forum-selection clause. *Id*. at 62, n.5. ("Our analysis presupposes a contractually valid forum-selection clause.'). Thus, this Court must decide, as a threshold matter, whether the forum-selection clauses at issue are valid.

Plaintiff argues that only the Construction Agreement is at issue in this case and that the forum-selection clause in the Construction Agreement is invalid under Oregon law. Clearspan notes that the Prayer for Relief in Plaintiff's Complaint refers to "the contract" without specifying which contract. It argues that because Plaintiff seeks rescission and return of monies

OPINION AND ORDER – 5

paid, the ECLA is necessarily at issue because it is this agreement which sets out the terms and schedule of Plaintiff's payments. Clearspan asserts that the forum-selection clause in the ECLA is not invalidated by Oregon law and is otherwise enforceable under federal law.

Under Oregon law:

A construction contract may not include any provision, covenant or clause that:

(a) Makes the construction contract subject to the laws of another state or that requires any litigation, arbitration or other dispute resolution proceeding arising from the construction contract to be conducted in another state;

\* \* \*
ORS 701.640.

A "construction contract," is defined under ORS 701.620 as

a written or oral construction agreement, including all drawings, specifications and addenda *relating to*:

(a) Excavating, landscaping, demolishing and detaching existing structures, leveling, filling in and other preparation of land for the making and placement of a building, structure or superstructure;

(b) Creation or making of a building, structure or superstructure; and

(c) Alteration, partial construction and repairs done in and upon a building, structure or superstructure.

O.R.S. 701.620(emphasis added).

I disagree with Plaintiff that only the Construction Contract is at issue here. However, I also disagree with Clearspan that the ECLA is not a "construction contract." The Construction Agreement and the ECLA, although separate agreements, are interrelated and both relate to the creation or making of a building or structure. Clearspan acknowledges that the two agreements "both relate to one overall transaction . . . ." (Reply at p. 2). Clearspan argues that the transaction was for the purchase of the greenhouse and that installation work was "supplemental." However, both contracts address the purchase <u>and</u> installation of the greenhouse, the total contract price

and the payment terms and schedule are referenced in both contracts and are for the purchase and installation of the greenhouse. The ECLA relies on the itemized Order Confirmation contained in the Construction Agreement and the Order Confirmation includes the cost of installation. Although the payments made by Plaintiff that it now seeks to have returned were paid pursuant to the ECLA, Clearspan concedes that these amounts were for the purchase and installation of the greenhouse. The Construction Agreement may post-date the ECLA and not, by its terms, affect the earlier agreement. However, the ECLA relies upon and is, for all practical purposes, inseparable from the Construction Agreement.

I conclude that the forum-selection clause in the Construction Agreement is clearly invalid as contrary to ORS 701.640. I also conclude that the two contracts are integral components of an overall agreement "relating to" the "creation or making of a building, structure or superstructure."[2] Accordingly, the ECLA is also a "construction contract" and its forum-selection clause is invalid under Oregon law.[3]

Absent a valid forum-selection clause, this Court turns to the traditional analysis of a motion for transfer pursuant to 28 U.S.C. §1404(a). Based upon my review of the record, I conclude that Clearspan has not made the strong showing necessary to defeat Plaintiff's choice of forum and support transfer of this action. Of most significance, Clearspan had the greenhouse components shipped to Oregon; the installation that Clearspan subcontracted to Storm occurred in Oregon; the building at issue is, of course, located in Oregon; the same statute that invalidates

---

[2] It is also of note that the Oregon statutes at issue fall under the subsection, "Construction Contract Payments," which suggests that the statutes encompass payment contracts for construction projects. *See* ORS §§701.620 – 701.640.

[3] Having concluded that the forum-selection clauses are invalid, I need not reach the issue of whether they are "unreasonable" and thus unenforceable. As a side note, however, I do point out that I disagree with Clearspan's contention that ORS 701.640 does not demonstrate a strong public policy of this state. In my view this law, enacted by Oregon's elected legislature, is exactly that, an expression of public policy.

OPINION AND ORDER – 7

the forum-selection clauses contained in the agreements also prohibits any provision that makes the construction contract subject to the laws of a state other than Oregon; and Oregon's statutes clearly demonstrate a public policy against litigating in a foreign forum those construction contracts that relate to projects in Oregon. Transfer to the U.S. District Court for the District of Connecticut would not further the interests addressed in § 1404(a). Accordingly, Defendant Clearspan's motion to transfer venue is denied.

## Conclusion

For the reasons set forth above, Defendant's motion to transfer is DENIED.

DATED this 2nd day of October, 2018.

                                                  /s/ John Jelderks
                                                  John Jelderks
                                                  U.S. Magistrate Judge